The next case is United States v. Ramsey. Good morning, Your Honors. Matt Larson of the Federal Defenders for Ms. Ramsey. Your Honors, Ms. Ramsey was denied a fair trial. Critical to proving the theft charges was proving that her conscious objective was to steal. And the most important evidence of that, the government told the jury, was her statement to Agent Strasser. But the government gave the jury a misleadingly incomplete account of that statement, mentioning only the part where she says, yes, I told Gaines what he needed to know to steal the money. The government took that and ran with it. It told the jury, of course Ramsey intended for Gaines to steal the money. Why else would she tell Gaines everything he needed to know? Well, the why else was provided in the balance of her statement that was kept from the jury. That balance said, she explained to Agent Strasser that Mr. Gaines was an abusive person who had put his hands on her in the past. He became angry and demanded the information from her. And that's why she provided it. So I get that, right? So the government says she provided it, the information. Why would she do that if she wasn't part of the conspiracy? And I take your point that she has to have the objective of having the conspiracy succeed. But I also read the motion in limine briefing on this issue, and the district court seems to be trying to figure out why your client thinks that it's relevant to include the additional context, right? And your brief says things like, well, it would explain why she lied to the officers and so on. She was just afraid of the fiancé and so on. And the district court concludes, well, she's not arguing. She hasn't put forward an argument that she was acting under duress or otherwise was coerced into participating in the crime. And so therefore I think it's just – the introduction of this evidence would just suggest that she's a sympathetic person because she was victimized by her fiancé, and so therefore it's not relevant. So why wasn't it your fault not to say to the district court the reason we think it's necessary to put this in is because it would counteract the mens rea that needs to be proved? We did, Your Honor. We said – and I'm looking right now, Your Honor. This is district court docket entry 42 at page 12. We said that Ramsey's statements about abuse by games are relevant to avoid misleading the jury. It's particularly important that the jury hear the full context of her statements, and that's because the evidence about her giving this information, because Mr. Gaines is an abusive person who had put his hands on her in the past and angrily demanded it, suggests that the reason she turned the information over was because she wanted to avoid harm. That was her conscious objective in acceding to his demand. But that's not what it says. That's not what you say on page 12 of that brief, right? It says Ms. Ramsey's statements about C.C.1's abuse explain her other statements in conduct during both interrogations. Special Agent Pastrana claims to have seen her deleting material from her phone. She was deleting messages. C.C.1's abusive nature would help explain Ms. Ramsey's concern over revealing details of their relationship. In addition, any lies that are being claimed she tells law enforcement could not be seen as lies when taken out of context. So it is about an explanation for her conduct in misleading the investigators, and nothing on this page that you've just cited says anything about counteracting the mens rea of joining the conspiracy. I think a fair reading, Your Honor, in the context of the evidence of this case is that this goes to the mens rea requirement. If Your Honor is suggesting that this wasn't properly preserved in the district court, that's not an argument the government has made. Well, I have to decide. I mean, it's an evidentiary question, right? So I have to decide whether the district court abused its discretion, right? And so the district court is deciding whether – Or plainly erred if you're – Or plainly erred. Fine. I have to decide whether the district court abused its discretion in deciding not to let in this extra context. And the district court acknowledges that if your client were putting on a defense that she acted under duress or was otherwise coerced to participate in the crime, it maybe should be admissible, but that you haven't said that, and therefore it's extraneous. And the reason you gave for why it needs to be introduced is because it would explain misleading the investigators. But then the response to that is this statement comes out only in the context of giving the information to the fiancé, not as an explanation for the investigators. That's a separate question. But my point is you never said that that's the reason, and the district court acknowledged that if you had and if that were your defense, maybe the conclusion would be different. So if it's not before the district court, how can it be an abuse of discretion? This was not a duress defense, Your Honor. No, I understand. I'm not saying it would be a duress defense. The district court says she hasn't – she's not saying defense of duress or that she was otherwise coerced into participating. So I acknowledge it doesn't have to be simply duress. It could be something short of duress but that explains why she gave the information without having the objective of the conspiracy succeeding. The district court's language acknowledges that possibility, but you never said that that's the defense she's putting on. And, in fact, you never really argued that. Right, right. We didn't put on an affirmative defense in this case. We didn't raise a duress defense, first of all, because this is not duress. Duress says I'm guilty. I did it. I had the intent, but I should be excused. Why isn't this – why isn't the government correct then? Then you're just talking about motive of it. If it's not a duress defense, the evidence goes to explain her reasons for participating in this crime, and those reasons may be I'm in an abusive relationship, not to rise to the level of a duress defense. How can it vitiate intent if it's not a duress defense? Because the question was intent, Your Honor. Did Ms. Ramsey, when she provided this information to Mr. Gaines, have the conscious objective that he actually used it to steal the money or did she just want to avoid getting beat up? And if it's the latter, then there's a reasonable doubt as to whether she had the criminal intent necessary to convict her. The problem in this case is that the jury never heard that evidence. This is a classic jury – I mean, help me understand because it seems to me you're creating a new defense that doesn't exist in criminal law. I mean, even if she were afraid or wanted to placate her abusive spouse or a person she's in a relationship with, why does that vitiate her intent to commit the crime as opposed to going to her motive for participating in it? Because it creates, if credited, a reasonable doubt that she had the necessary intent to convict her. That is the question. Why did she do this? Why did she give him this information? If she did it because she wanted him to steal the money, he's guilty. If she did it because she's afraid of getting beaten up again, then there's a reason. So you're saying that she essentially said something like the following. Yeah, I gave him the access codes, but I really didn't want him to commit the crime and I hoped he wouldn't succeed and I did it only because I was kind of afraid of him. Maybe I'm not afraid enough that I'm acting under duress, but I really wanted the crime to fail. And so the explanation is that that's the reason why she gave the information, and so she doesn't have the objective that it succeed, right? The problem in this case, Your Honor, is that the jury didn't hear all the evidence. The whole point of the rule of fiduciary… But that's your argument, that if you could say something short of duress to explain why she gave over the information, that would counteract the required mens rea of wanting the conspiracy to succeed. This case is about holding the government to its burden of proving guilt beyond a reasonable doubt on all the elements. Now, the element in dispute here was intent, and the government cherry-picked from Ms. Ramsey's statement and told the jury, well, she told him everything he needed to steal the money. Why else would she have done that? We were unable to provide the why else, which is because she was… But you weren't unable to, like she could have testified, right, about it. Well, Your Honor knows she doesn't have to testify, and you can't hold that against her. But you couldn't have. You said you're unable to have it, right? We were unable, given the district court's erroneous ruling on the motion here. Your Honor knows she has no obligation to testify, and that can't be held against her here. This is about whether the trial was fair. Imagine how the trial would have unfolded if this evidence… It can be held against her here, but we are talking about introducing hearsay, right? So if she is explaining that I did give him the information, but I didn't want the crime to succeed, and so I had a non-cultural explanation for why I gave over the information, why isn't that the kind of testimony that should be subject to cross-examination as opposed to introducing hearsay evidence on that point? If Your Honor is suggesting we lose because Ms. Ramsey didn't take the stand, I have no answer other than that's not what the law or Constitution say. I mean, that's a mischaracterization of what I just said. I mean, I said the question is whether there's an exception to hearsay that would allow you to introduce… There is. …an out-of-court statement by Ms. Ramsey for the truth… There is. …and have her assert it, and so normally evidence should be subject to cross-examination. So I'm not saying she had to take the stand. I'm saying if, in fact, this is evidence that was going to be put before the jury, why is it something that should come in the form of hearsay as opposed to something… Because… …that should come in the form of direct testimony? Because this Court has sanctioned exactly that in the Williams decision in our briefs. There, this Court said, even though a statement may be hearsay, as when the admitted portion… This is so even when the statement may be hearsay, if the admitted portion is necessary to correct a misleading impression, then it is for this very reason admissible for a valid non-hearsay purpose, which is to explain and ensure… Let's go back to the decision that was before the district court. So if, in fact, you had said in the motion in the Lemonet briefing, we're not going to argue that she lacked the benzeria for joining the conspiracy. We only want to introduce the statement about her being abused because we're going to make a plea for the sympathy of the jury. The district court would have been within its rights to say it's not admissible, right?  Okay. So if you had, in fact, said we are going to argue that this is relevant because our defense is that she lacked the benzeria required to join the conspiracy, then you're saying the district court should have allowed it in. I mean that was our defense, Your Honor. But it was this I just said. So your argument hinges on whether that's what you told the district court was the reason for admitting this harsh portion of the statement. You know, what we argued to the jury was, think about why would Ms. Ramsey throw away a 30-year career at the post office over $7,000, right? We were saying she lacked the intent here to do what Mr. Gaines actually did and who, of course, wasn't even prosecuted. Our defense was that the government hadn't proved beyond a reasonable doubt the necessary criminal intent. The problem here is that our hands were tied by the district court's ruling that we could not introduce the balance of her statement to Agent Strasser. Okay. So can I ask this question? So even if it were somehow an error not to introduce that extra part of the statement, why isn't the error harmless? In the statement itself, the officer was interviewing her after she says she, what has been abused by the fiancé, says, are you afraid to go home? And she says, no, it's fine. I've lived with it for 20 years and I deal with it and it's not a big deal. And then there's also evidence that she didn't simply turn over the information about the access code. She also scoped out the location in advance and drove the getaway car and was in communication with him afterwards. So why shouldn't we conclude that actually even if you had that piece of evidence suggesting she didn't want the thing to succeed, the overwhelming evidence otherwise suggested that she did? It's not a harmless error, Your Honor. The government has conceded that this was their most important evidence of her criminal intent. The cherry picked parts of her statement to Strasser. Also, the very first thing the jury asked for was a readback of Strasser's testimony. They also asked for his report, which contained all of this information, but that report was denied to them because the judge excluded it from evidence. This is not a harmless error, Your Honor. The jury clearly relied on the half statement that the government proffered. And that is the problem here. The questions that Your Honor are posing are questions that a jury should have sussed out in the jury room after hearing all the evidence. When juries are sacrosanct in our system, this court recently reminded us in the Palin case, and they need to have a full and complete understanding of the evidence. The evidence here generated a reasonable doubt that Ms. Ramsey had the criminal intent necessary to convict her on the first two charges. And as to the third, I'll mention briefly. So why does the statement that she has been abused in the past, he's laid hands on her or whatever it was, but she's still not afraid to go home to him, why would that context have counteracted all of the other evidence of her active participation in the crime? As we say in our brief, this evidence explains all of her other actions as well, if credited. And imagine how different the trial would have been if this information had come in. We would have been able to make a robust argument here that she really did not have the conscious objective of stealing from her employer for 30 years. Her objective was to not get beat up. And then each side would have sussed out and made the arguments that Your Honor is now making, and it would have been up to the jury to make this decision. But they never got that chance because they never heard all of the evidence. There was no fair and complete understanding of the evidence in this case. Would you like me to mention count three, or I'll talk about it in rebuttal? We can do it on rebuttal. Okay. Thank you.  Good morning, and may it please the court. My name is Meredith Arfa, and I'm an Assistant United States Attorney in the Eastern District of New York. I represent the United States on this appeal. The evidence at trial established that Appellant Jermaine Ramsey planned and helped carry out the theft of more than $7,000 from a thief inside a vault at a post office where Ramsey worked as a supervisor. The evidence at trial also established that she lied to law enforcement in connection with that theft. Following a jury trial, Ramsey was convicted of three felony counts. The government is asking this court to affirm those convictions. Let me begin with Ramsey's argument with respect to counts one and two that the district court's exclusion of certain self-serving hearsay statements that Ramsey made to law enforcement during a law enforcement interview rendered the admission of other statements that Ramsey made during law enforcement interviews unfair or misleading when presented to the jury. The district court was well within its discretion to exclude Ramsey's proffered statements while admitting those offered by the government. On this appeal, as Judge Monashi noted, Ramsey argues for the first time that the proffered statements were relevant because they suggested that she lacked the requisite intent to steal the remittance funds. Specifically, she is now arguing that in providing the information to Gaines that enabled him to steal the remittance funds, she was acting out of fear rather than greed. That argument is inconsistent with the weight of evidence in this case. Okay, so that argument is inconsistent with the weight of the evidence, meaning that this might be an error but it's harmless because no reasonable jury would conclude that she was doing it out of fear or intimidation, or do you think it was an error in the first place? It was not an error in the first place. So why was it an error in the first place? I mean, the government gets this hearsay evidence in where they say, look, and the government argues to the jury, look, she gave the code to her fiancé. Why would she do that if she was not in on it, right? But in fact, in the actual hearsay statement, immediately after she says that she gave the code to him, she explains he's abusive and he hits me. So isn't the obvious answer to what the government is saying because she was intimidated by him. And so maybe she didn't—she wasn't in on it. She was intimidated by him. And so isn't it misleading for the government to say this hearsay statement, saying I gave the code to my fiancé means that she's in on it. That's misleading without the explanation she provided in the actual statement. It's not misleading for at least two reasons. First, there was ample evidence from which the government could argue that Ramsey possessed the requisite intent and that she was motivated by greed, even setting aside Ramsey's statement. Right, so that means that it might be harmless even if it should have come in. Right, and that's evidence that was fair for the jury— excuse me, for the government to argue from that evidence that she possessed the requisite intent and the— Right, but the government does specifically say she gave the codes. Why would she do that if she wasn't in on it, right? Yes, the government's not disputing that it argued that she was motivated by greed. But the point is that there was ample evidence presented at trial aside from Ramsey's statements to law enforcement that supported that argument. That evidence included video surveillance that she went into the vault and crouched over the safe after her shift ended when she had no reason to be in the vault or near the safe. But why under the rule of completeness wouldn't you say she said she did the acts that assisted him in the crime? She also said, I did them because I was afraid of him. Isn't it misleading to take out the portion of the statement where she says, I'm afraid of him, and to admit only the portion where she says she did the crime, and then to argue to the jury what other—you know, she obviously did it for greed. It's not misleading in part because of the nature of what the actual proffered statements were. She made a general statement regarding Gaines's allegedly abusive nature. Her statements were not specific to her conduct on December 22nd, the day of the theft, with one exception. But she does not say, and I think that counsel mischaracterized her statements in saying that she said that was the reason she had acted that day. Before we get to what she specifically said, so if in fact the statement were, I gave him the information because I was afraid of him, and I really otherwise didn't want the crime to succeed, would it then be misleading for the argument to introduce the first part of that statement? I think under those circumstances, if the defendant was in fact asserting a defense, had in fact asserted that she didn't have the requisite mens rea, and there was evidence in support of that beyond a self-serving hearsay statement, that it might be admissible, but it would depend on the circumstances. But those aren't the facts here. But it's only admissible depending on the other evidence in the case? Well, I think… I mean, if the statement literally said, I gave him the information because I was intimidated and not because I wanted the crime to succeed, that you're saying, depending on the circumstances, the government might be able to introduce the first part of that statement and then argue to the jury, why else would she give him the information if she didn't want the crime to succeed, when in fact the full sentence gives another reason? Well, I think at that point there might be a rule of completeness argument, but again, that's not the statement here. Okay, so the argument here is that she doesn't say that explicitly, and we have just this polygraph report, I guess, of the interview. We don't have a transcript of exactly what she said. That's right. There's not a transcript. But, you know, at least the account says, Ramsey conveniently stated she did not take the money, but eventually she admitted that her boyfriend did. And the very next sentence is, Ramsey claimed that her boyfriend is an abusive person prone to rages. She said he had put his hands on her in the past. So why isn't the close proximity of those two statements, why doesn't it suggest she is saying that's the reason why she participated with him? It's not what she says. And she does have a statement where she is specific in saying that Gaines became angry on December 22nd and demanded that she provide information. And that, I think, is a little bit different, but there, too, it's important to note that she did a lot more than just provide him with information. She went into the box. Oh, right, so actually so that she explains what happened. Right. She said that she had a bad day that Sunday, December 22nd, and was late for church because she left the station late. She was talking to Gaines, and he became angry and demanded information from her. Ramsey admitted that she told Gaines the layout of the station, that the finance office was to the left and where it was. She told Gaines the vault was in the furnace office. She told him the money was in the locked drawers. So all right, so she says her boyfriend took the money. He's very abusive and prone to rages, and he demanded the information from me, and that's when I gave it to him. So why isn't the full context of that statement? Why doesn't that suggest the reason why she did it was because he was abusive and prone to rages and she was afraid? It's both not what she said. It's also not what Ramsey argued below. It's not the argument that was presented to Judge Ross, and as you noted, there's nothing unfair about the fact that she did not admit evidence for a particular purpose when she was never asked to admit the evidence for that purpose. I mean, she was never presented with that argument. That was never an argument that was made below. Right. The argument below. In the committee briefing, she says we should admit the evidence because it would explain lying to the officers. It doesn't talk about the mens rea. And the district court says, well, she's not arguing that there's duress or coercion, and so I don't think it's admissible. But it would have been different, you think, if she had said that's the reason why it needs to be admitted? I think under those circumstances, yes, it might have been different. It's simply not the argument that was presented to the district court. What Ramsey argued below was, as you said, that the statements provided context for her lies to law enforcement and her statements and her conduct during the law enforcement interviews. Their argument below was specific to talking about Ramsey's statements and conduct during the law enforcement interviews. They had said nothing about those statements having any bearing. I understand that argument, but so why wasn't it admissible to explain the statements to law enforcement, which is another count that was charged against her? There was no articulation of how those statements might have explained what she said to law enforcement. And, in fact, the only specific argument that was made below was— Well, that's an argument she does make, right? So if she's deleting correspondence between her and her fiancé and concealing something about her fiancé from law enforcement, doesn't it explain that, that she's afraid that if she gets her fiancé in trouble, he's going to harm her? What she told the agents was that she deleted the message from the phone with gains because it was an intimate message. She did not provide any context or explanation that suggested she deleted it because of an abusive relationship or because of fear. That's simply not what she said. Well, she says the thing about the romantic relationship initially, and that is the misstatement, right? That's the lie. But why isn't the explanation for the lie that she did that because of fear and not because of conspiracy? I'm sorry. I apologize. Why isn't the explanation for her making excuses for the deletion in front of law enforcement that she was afraid of the fiancé? That argument has never been advanced. The only argument that was advanced before the district court was that it would have explained the relationship, but it's not that it would have explained why she deleted the evidence. It's that it would have—that information regarding the relationship was relevant. And under those circumstances, as you noted, Judge Ross found that these were just generalized allegations that it would have provided context, and that given that even despite the government's briefing where it specifically argued that she had not argued a duress defense and, therefore, that the statements were not— the proffered statements were not admissible— I mean, it sounds like you agree. She doesn't have to argue a duress defense because part of what you have to prove is that she had the objective to join the conspiracy. She had to have the objective that the conspiracy succeed, right? So there's another explanation for why she turned over the information that does not entail the conclusion that she wanted the conspiracy to succeed. That would also be a defense, even if it's short of duress, wouldn't it be? I think it depends on the particular circumstances. So, for instance, Ramsey gives a hypothetical in her briefing about someone who says that he— I'm not recalling the details, but the gist of it is that he was acting in self-defense. But that second part of that statement is only admissible if, in fact, that defendant is asserting self-defense and there's some evidence that supports that. You can't just go out and make up a statement and have that automatically be admissible. There has to be some support for that. And here, Judge Ross— Is it self-evidence? I mean, you're introducing part of the statement as evidence. Why is the rest of the statement not evidence? There's no support that it's anything other than a self-serving hearsay statement. There's no indicia of reliability. These are statements that she made, notably, only during the second law enforcement interview, which was more than a month after the theft, by which point it was clear that she was a suspect or that the agents were suspicious of her conduct. And at that point, she had a motive to lie. There's no indicia of reliability to those statements. So, I'll also just quickly note— I think it's just said, if you introduce a hearsay statement, it comes in as an admission when you introduce it, but admitting it in redacted form distorts its meaning. I think we've said it distorts its meaning or excludes information substantially exculpatory of the defendant. The rest comes in in fairness. Looking at the other evidence in the case doesn't seem to be part of that equation. Am I missing something or something in the case law? No, I think that under the rule of completeness, the additional evidence, where it's hearsay, only comes in if it's necessary to explain or to provide context or to avoid misleading. And there was no basis for that assorted below. And still, this notion that it's relevant and it provides context because it goes to mens rea is a novel argument on this appeal that's not supported by the prior statements or the prior arguments, for that matter. So, I see my time has expired, but if I may speak both quickly to harmless error and also to count three. So, with respect to harmless error, to the extent this court finds that the district court did err by excluding the proffered statements, any error was harmless. The relevant question is whether the proffered statements would have substantially influenced the jury. Given the strength of the government's evidence, which, again, there was video surveillance, there's the fact that Ramsey alone, outside the presence of Gaines, that afternoon spent $4,000, which was approximately half the money that was stolen that day. She coordinated with Gaines throughout the day. She called him multiple times at key intervals. And there's evidence that she, after she left the post office when her shift was over, she went home, she picked up Gaines, drove him back to the post office, waited in the vicinity for him, and then drove him away. That's all not only beyond just providing information and speaks to the fact that she wanted this crime to succeed, but that's all strong evidence from which a jury could have found that she had the requisite mens rea and, as well, that she was motivated by greed. And that's juxtaposed with the weakness of the proffered statements, which, even if admitted, are simply Ramsey's own, after-the-fact, self-serving justifications. There's no reason to believe that the admission of those statements would have substantially influenced the jury, such that they found that Ramsey lacked the requisite intent. And, to be clear, we don't dispute that Ramsey's admissions were important evidence. The point is, it wasn't the only evidence. There was considerable other evidence from which a reasonable jury could have found Ramsey guilty. And, in fact, in summation, the government marshaled that other evidence and expressly argued that that other evidence alone was a sufficient basis on which to convict on counts one and two. It was only after making that argument that the government turned to talk about Ramsey's statements. And let me turn briefly to... I see we're over time. Very briefly, because I'm going to make sure your adversary has adequate time and rebuttal. Sure. Very briefly, perhaps you could address the sufficiency of the evidence point. Yeah, so here I think it's helpful, actually, to look at specific testimony. So I'd like to direct you, if I may, to GA-60, beginning on line 18. And here the testimony is... So, to be clear, the defendant told you that her reason for entering the vault was to get the lobby key. Yes, that's correct. Now, after you showed her the video, did you again ask the defendant why she was in the vault by the safe on December 22nd? Yes. What did she tell you? C, which presumably should be she, eventually admitted she had no reason to be in there. In other words, Ramsey initially said that her reason for entering the vault was to get the lobby key, but after she was confronted with the video depicting her inside the vault and again asked why she was in there, she changed her answer. That changed answer, Ramsey's admission that she had no reason to be in there, was a sufficient basis for the jury to conclude that Ramsey's first answer, that her reason for going in to get the key, was a lie, and therefore to convict her of the false statement. Drawing every inference in favor of the government, as this court must on a sufficiency claim, the court should sustain that verdict. I will also just briefly note that it does not matter that Special Agent McInerney did not testify that Ramsey used the word only. We made this argument in our brief, but the law does not require that specific language. And if you, in fact, that's supported by the jury instructions in this case, which Ramsey is not challenging, which specifically instructed only that the government needed to, I'm sorry, that the government needed to prove that the defendant made a statement with a substantially similar meaning to the one alleged in the indictment, and that the government was not, The indictment uses the word only too, right? The indictment does use the word only. My position would be like the word only there doesn't mean that she said that's the only reason I was in the vault. It means that she gave the reason for being in the vault that was, the word only sort of means the non-culpable reason, like only, like the innocent implication, as opposed to something more serious. Well, I think that the point here is that what she said is that she went in to get the key, and that's not the reason she went in. That is a false statement. She did, in fact, get a key, and she did, in fact, return a key, but that's not the reason she went into the vault. That was to conceal her true reason for going into the vault, which was to go to the safe. And so I'll just say I referenced the jury instructions. Those are not in our appendix, but it's docket entry 84, and they specifically instructed the jury that they did not need to consider, that the government was not required to prove the precise language charged in the indictment. And just as a last point, Ramsey also raises, in the reply brief, the fact that the testimony referred to Ramsey getting the key rather than returning the key. The government submits that that's a non-prejudicial variance, and there's no substantial trial, prejudiced trial resulting from that testimony. Thank you. All right. Just a couple of points, Your Honors. On preservation, we said in district court Ramsey's statements about abuse by Gaines are relevant to complete the overall narrative of her conduct and to avoid misleading the jury. Could that have been more specific by saying mens rea? Sure. But the government, until five minutes ago, has never alleged this was not preserved in the district court. It was preserved. I think Your Honor's questions to the government also reflect that this was an error. The whole point of the rule of completeness is that the jury have a fair understanding of all the evidence. Here, the government cherry picked from her statement, saying, well, she told her lover what he needed to know, so obviously she intended that he steal the money. It kept out the why else, which was in the statement. The why else is, I told him what he demanded to know, not because I wanted to rob my employer of 30 years, but because I was afraid he'd beat me up again. That, if credited by the jury, casts a reasonable doubt on whether she had the requisite criminal intent to steal. And if one juror had credited that, we wouldn't be here today. There wouldn't have been a conviction. As to harmlessness, this court has said, this is in the Harris case, in our briefing, courts are particularly reluctant to deem error harmless where the error precludes or impairs the presentation of an accused's sole means of defense. That describes this case. There was no question she gave him the information he needed to steal. The question was whether she had the requisite criminal intent. Her sole means of defense was that she didn't have that. And the evidence that would have supported that defense was withheld from the jury. This was not a harmless error, Your Honor. Finally, as to count three, this court has said, I'm sorry, the Supreme Court has made clear, again, this is in our briefing, the Supreme Court has made clear that an indictment drawn in general terms may support a conviction on alternative bases, but an indictment with specific charging terms will not. The charge here, Your Honors, was very specific. Ramsey falsely stated that she entered the vault, quote, only to return a key. The government has effectively conceded it provided no evidence that she said she entered the vault only to return a key. This is an error of the government's own making. It could have charged this differently. It didn't. It is held to the terms of the specific allegation in the indictment, and it failed to present any evidence of her saying she entered only to return a key. At the end of the day, Your Honors, this was not a fair trial. I mean, isn't just this a way we sometimes use the word only? Like, if I say I'm doing something only for this reason, I'm just saying, it's not for the reason you think. It's only for this other reason. Like, it doesn't mean that there might, and might not be doing something else on that trip, right? The word only sometimes means, here's an innocent explanation. It's not the explanation you're thinking about. I think here, when we're talking about the indictment and the strict and specific charging terms that the government elected to bring, it has to be held to the burden it set itself up to meet. And it didn't meet that burden. It said she said she went in only to return the key, but there's no evidence of her ever saying she went in only to return the key. But she said she went in to return the key, right? Yes. And the misleading nature of that is she left out the culpable reason why she went in. And if this charge had been worded differently, Your Honor, I would agree with you. But this is specific language, and the Supreme Court has made clear that when the government chooses No, but I'm saying, doesn't the word only just mean, like, if I say I went to the store to get milk, and it turns out I also robbed the store, and then I later tell investigators, and I later tell investigators I went for milk, and they charge me by saying, well, he said he went to the store only to get milk, but he robbed it. The word only there is perfectly appropriate, right? Because the word only signifies that he gave us this innocent reason for the trip and left out the culpable reason, right? It doesn't seem to me grammatically incorrect even to say it there. To me, Your Honor, only means only. If I say I went to the market only to buy milk, and then I also buy eggs and cheese and bread, that statement is not accurate. Am I saying I went only to buy milk? Yeah, but I understand. But if I'm charged with lying to investigators, it would not be because I also bought bread when I got milk. It would be because I robbed the store, right? Isn't that really what she said? Didn't everybody understand that's what she was being charged with? I think language when we're having a conversation, you know, especially late, people are out of court, it is one thing, and I would agree with you. But here we're in court. She's facing a criminal felony conviction for lying to agents, and the charges that she said she went in only to return the key, the government then provides no evidence of her ever saying that.  Thank you, Your Honors. Thank you. And we'll take the matter under advisement.